UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH JERROD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07-CV-1567-SNL ) |
| FARMINGTON CORRECTIONAL (MEDICAL), et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Joseph Jerrod for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The

Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint and supplemental complaint

Plaintiff seeks monetary relief in this action against defendants "Farmington Correctional (Medical)" and "Bonne Terre Correctional (Medical)." Plaintiff alleges that Dr. Castain "made the order . . . [to] confiscate[] [plaintiff's] prosthetic boot " on January 4, 2006, when he was transferred to the Eastern Reception and Diagnostic Center. Plaintiff was later transferred to the Farmington Treatment Center ("FTC"), where he claims that "Dr. Cox authorized [him] to walk with a cane." Plaintiff asserts that his foot was getting worse, and Dr. Cox ordered numerous x-rays and gave him "a lay-in with zero limitation." Plaintiff states that FTC "did three different sets of x-rays," but "they could have [done] the operation on [his] foot in the time when they first diagnosed [his] left foot."

Having reviewed plaintiff's allegations, the Court concludes that the complaint and supplemental complaint are legally frivolous. Plaintiff has failed to assert any claims against either of the two named defendants. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Moreover, the Court notes that suits against the Missouri Department of Corrections are barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978), and claims against state correctional institutions are, in effect, claims against the State of Missouri; however, the State of Missouri, however, is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

Last, as this Court previously stated in two prior cases filed by plaintiff relative to the treatment of his foot,[1] mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional violation, Estelle v. Gamble, 429 U.S. 97, 106 (1976); and a mere disagreement over treatment methods also does not rise to the level of a constitutional violation. Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). To state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of September, 2007.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] See Jerrod v. Rainwater, No. 4:06-CV-1614-SNL (E.D.Mo.); Jerrod v. Rainwater, No. 4:06-CV-763-SNL (E.D.Mo.).